**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **JACKIE JONES** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:14-cv-24** |
| | § | |
| **ASPEN HEALTHCARE SERVICES,** | § | |
| **INC.,** | § | **JURY DEMANDED** |
| | § | |
| **and** | § | |
| | § | |
| **SUKHU GEORGE, Individually** | § | |
| | § | |
| **Defendants.** | § | |

ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, JACKIE JONES, by and through her undersigned attorney of record, and sues Defendants ASPEN HEALTHCARE SERVICES, INC. and SUKHU GEORGE, Individually, and in support thereof would show unto this Honorable Court as follows:

1.      Plaintiff brings this action for overtime compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. §216(b).

2.      Plaintiff is an individual residing in Dallas County, Texas.

3.      Defendant ASPEN HEALTHCARE SERVICES, INC. is a Texas Corporation and maintains and operates its principal office in Denton County, Texas.  This Defendant may be served by serving its registered agent Sukhu George, 314 W. Main Street, Lewisville, Texas 75041.

4.      Defendant SUKHU GEORGE is an individual who, upon information and belief, resides in Addison, Dallas County, Texas.  This Defendant may be served at 14567 Juliard Lane,

Addison, Texas  75001 or 314 W. Main Street, Lewisville, Texas  75041.

5.     At all times relevant to this claim, Defendant SUKHU GEORGE acted directly or indirectly in the interest of Defendant, ASPEN HEALTHCARE SERVICES, INC., in relation to Plaintiff's employment and was substantially in control of the terms and conditions of the Plaintiff's work. Defendant SUKHU GEORGE was an employer of the Plaintiff as defined by 29 U.S.C. §203(d).

6.     Jurisdiction is conferred on this Court by Title 28 U.S.C. §1331, Title 28 U.S.C. §1337, and by Title 29 U.S.C. §216(b).  At all times pertinent to this complaint, ASPEN HEALTHCARE SERVICES, INC., was an enterprise engaged in interstate commerce. At all times pertinent to this Complaint, Defendants regularly owned and operated a business engaged in commerce or in the production of goods for commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §203(r) and 203(s). Additionally, Plaintiff was individually engaged in commerce and her work was essential to Defendants' business.

7.     Venue is proper in this district under 28 U.S.C. § 1391.

8.     Plaintiff worked for Defendants from July 2012 through December 2013 as a certified nursing assistant.

9.     During one or more weeks of Plaintiff's employment with Defendants, Plaintiff worked in excess of forty (40) hours (overtime hours).

10.     During one or more weeks of Plaintiff's employment with Defendants wherein Plaintiff worked overtime hours, Defendants failed to pay Plaintiff one and one-half times her regular rate of pay for each overtime hour worked (overtime compensation).

11.     The acts described in the preceding paragraph violate the Fair Labor Standards Act, which prohibits the denial of overtime compensation for hours worked in excess of forty

(40) per workweek. Defendants willfully violated Plaintiff's rights under the FLSA.

12. As a result of Defendants' unlawful conduct, Plaintiff is entitled to actual and compensatory damages, including the amount of overtime which was not paid and which should have been paid.

13. Plaintiff seeks and is entitled to an award of liquidated damages in an amount equal to her unpaid overtime pay pursuant to Section 216 of the Act.

14. Plaintiff also seeks compensation for expenses and costs of court that will be incurred in this action. Plaintiff is also entitled to reasonable and necessary attorneys' fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that:

1. The Court assume jurisdiction of this cause and that Defendants be cited to appear;

2. The Court award damages to Plaintiff as specified above with Defendants being found jointly and severally liable;

3. The Court award reasonable and necessary attorneys' and expert fees and costs;

4. The Court award Plaintiff pre-and post-judgment interest at the highest rates allowed. Plaintiff further prays for any such other relief as the Court may find proper, whether at law or in equity.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.


Respectfully submitted,



By: /s/ Douglas B. Welmaker
**Douglas B. Welmaker**
State Bar No. 00788641
DUNHAM & JONES, P.C.
1800 Guadalupe Street
Austin, TX 78701
Tel.: (512) 777-7777
Fax: (512) 340-4051
E-mail: doug@dunhamlaw.com

**ATTORNEY FOR PLAINTIFFS**